UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PETER KLEIDMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ADMINISTRATIVE PRESIDING JUSTICE ELWOOD LUI,<br><br>　　　　Defendant. | Case No. 2:25-cv-02718-PA-JDE<br><br>ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE |

**I.**

**INTRODUCTION**

On March 27, 2025, Peter Kleidman ("Plaintiff"), proceeding pro se, filed a civil rights complaint against Justice Elwood Lui, challenging the potential denial of a vexatious litigant prefiling application to file an appeal from an adverse state court decision. Dkt. 1 ("Complaint"). Plaintiff, deemed a vexatious litigant in California state court, has filed several actions in this Court challenging the vexatious litigant statute. In this case, he alleges an "imminent violation" of his rights to due process and access to the courts should Justice Lui deny his prefiling application (Count 1) and due process and equal protection challenges to California's vexatious litigant statute (Counts 2 and 3).

Plaintiff has raised similar claims in prior actions before the Court. Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The instant action suffers from the same jurisdictional defects that resulted in the dismissal of the prior actions. As such, on April 3, 2025, the assigned magistrate judge issued an Order to Show Cause why this action should not be dismissed for lack of subject matter jurisdiction. Dkt. 7 ("OSC"). On April 11, 2025, Plaintiff filed a Response to the OSC. Dkt. 8 ("Response").

For the reasons set forth below, this action is dismissed without prejudice for lack of subject matter jurisdiction.

## II.
## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013) (citation and internal quotation marks omitted). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stevedoring Servs. of Am., Inc. v. Eggert, 953 F.2d 552, 554 (9th Cir. 1992) (as amended) (citation omitted). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Scholastic Ent., Inc. v. Fox Ent. Grp., Inc., 336 F.3d 982, 985 (9th Cir. 2003); Fed. R. Civ. P. 12(h)(3).

## III.
## DISCUSSION

A. **The Court Lacks Jurisdiction over Plaintiff's Claim Challenging the Application of the Vexatious Litigant Order (Claim 1)**

Here, as noted, Plaintiff was previously designated a vexatious litigant in

state court, subject to a prefiling order. Plaintiff filed a prefiling application requesting permission to appeal a January 22, 2025 order in state court setting aside a judgment in Kleidman v. Walker-Pearlman, Case No. BC599972. Complaint ¶¶4-8. Anticipating that Justice Lui would deny his prefiling application (id. ¶¶9-16), Plaintiff filed the instant action, claiming an "imminent threat" that Justice Lui will deny his application and seeking an order granting his prefiling application, permitting him to file an appeal, and barring the application of the vexatious litigant prefiling order, among other things. See id. at 2, 6-7. As noted in the OSC, a review of the California Court of Appeal's online docket reflects that Plaintiff's March 27, 2025 prefiling application was denied on March 28, 2025, a day after he filed this action. See Appellate Courts Case Information at appellatecases.courtinfo.ca.gov.

As explained below, this Court lacks jurisdiction over Plaintiff's claim challenging the application of the vexatious litigant order pursuant to the Rooker-Feldman Doctrine and/or Article III standing.

1. Rooker-Feldman Doctrine

As Plaintiff has been repeatedly advised, federal district courts lack subject matter jurisdiction over a de facto appeal from a state court judgment. See Kleidman v. Willhite, Jr., et al., Case No. 2:20-cv-2365-PSG-JDE (C.D. Cal.) ("First Action"), Dkt. 28 at 8-16; Kleidman v. Collins, et al., Case No. 2:22-cv-03263-CJC-JDE (C.D. Cal.) ("Second Action"), Dkt. 23 at 6-9; Kleidman v. RFF Family Partnership, LP, et al., Case No. 2:22-cv-03947-SPG-AFM (C.D. Cal.) ("Third Action"), Dkt. 39 at 5-7; Kleidman v. Lui, et al., Case No. 2:24-cv-02353-PA-JDE (C.D. Cal.) ("Fourth Action"), Dkt. 21 at 3-9; Kleidman v. Cal. Court of Appeal for the Second Appellate District, et al., Case No. 20-56256 (9th Cir.), Dkt. 35 at 2-3, cert. denied, Case No. 22-725 (Apr. 17, 2023). Under the Rooker-Feldman doctrine, a federal district court may not exercise subject-matter jurisdiction over a de facto appeal from a state

court judgment. Noel v. Hall, 341 F.3d 1148, 1154, 1156 (9th Cir. 2003) (citing Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983)). Congress, in 28 U.S.C. § 1257, vests the United States Supreme Court, not the lower federal courts, with appellate jurisdiction over state court judgments. Lance v. Dennis, 546 U.S. 459, 463 (2006) (per curiam). "Review of such judgments may be had only in [the Supreme] Court." Feldman, 460 U.S. at 482. The Rooker-Feldman doctrine applies not only to final state court orders and judgments, but also to interlocutory orders and non-final judgments issued by a state court. Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n.3 (9th Cir. 1986).

In determining whether an action functions as a de facto appeal, courts "pay close attention to the relief sought by the federal-court plaintiff." Bianchi v. Rylaarsdam, 334 F.3d 895, 900 (9th Cir. 2003) (citation omitted). "Rooker-Feldman bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate [his] claims." Id. at 901 (citation and footnote omitted). "It is a forbidden de facto appeal under Rooker-Feldman when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." Noel, 341 F.3d at 1163; Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) ("[t]he clearest case for dismissal based on the Rooker-Feldman doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." (alteration in original) (citation omitted)). District courts do not have jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."

4

1  Feldman, 460 U.S. at 486; Benavidez v. County of San Diego, 993 F.3d 1134,
2  1142 (9th Cir. 2021) (explaining that the Rooker-Feldman doctrine applies
3  "'even where the challenge to the state court decision involves federal
4  constitutional issues,' including section 1983 claims" (citation omitted)).
5  Further, allegations that are inextricably intertwined with the state courts'
6  judgment are subject to dismissal under the Rooker-Feldman doctrine. See
7  Noel, 341 F.3d at 1158; Bianchi, 334 F.3d at 898.
8        The relief Plaintiff seeks—an order barring application of the vexatious
9  litigant prefiling order, granting his prefiling application, and permitting him to
10 file a notice of appeal in the superior court—constitutes a de facto appeal of the
11 underlying state court vexatious litigant order. As the Court explained in the
12 Fourth Action, the Ninth Circuit has repeatedly determined that the Rooker-
13 Feldman doctrine precludes a plaintiff from challenging the application of a
14 vexatious litigant order. See, e.g., Earls v. Greenwood, 816 F. App'x 155, 155
15 (9th Cir. 2020); Giampa v. Duckworth, 586 F. App'x 284, 285 (9th Cir. 2014);
16 see also Bashkin v. Hickman, 411 F. App'x 998, 999 (9th Cir. 2011) (challenge
17 to vexatious litigant order barred by Rooker-Feldman doctrine). District courts
18 within the Ninth Circuit have similarly determined that challenges to the
19 application of a state court vexatious litigant order are barred by the Rooker-
20 Feldman doctrine. See, e.g., Westin v. City of Calabasas, 2023 WL 4289336,
21 at *3 (C.D. Cal. Jan. 25, 2023), accepted by 2023 WL 4289519 (C.D. Cal. May
22 29, 2023); Rupert v. Atack, 2011 WL 320230, at *2 (N.D. Cal. Jan. 28, 2011).
23 As Plaintiff seeks precisely the type of relief that the Supreme Court and the
24 Ninth Circuit have instructed is outside the subject-matter jurisdiction of
25 district courts, Plaintiff's right of access/due process claim against Justice Lui
26 is barred by the Rooker-Feldman doctrine.
27        Plaintiff attempts to avoid application of the Rooker-Feldman doctrine
28 by framing his claim as a preemptive challenge to the possible denial of his

prefiling application in Kleidman v. Walker-Pearlman. Any challenge to the state court's denial of authorization to file an appeal by a vexatious litigant is barred by the Rooker-Feldman doctrine, as Plaintiff has been previously advised. Plaintiff argues in his Response to the OSC, however, that the Rooker-Feldman doctrine is inapplicable here because this action was filed one day before the state court's decision denying his prefiling application. See Response at 2. In support of his contention, Plaintiff relies on Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005), which held that the Rooker-Feldman doctrine applies in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." In Exxon, however, the Supreme Court focused on the issue of parallel state and federal litigation, explaining that the plaintiff had not "repaired to federal court to undo the Delaware judgment in its favor," but rather, filed suit in federal district court before any judgment "to protect itself in the event it lost in state court on grounds (such as the state statute of limitations) that might not preclude relief in the federal venue." Id. at 293-94. "[N]either Rooker nor Feldman support[ed] the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains sub judice in a federal court." Id. at 292. In such instance, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Id. (citation omitted).

      Here, there is no such parallel state and federal litigation. Contrary to Plaintiff's assertions, he expressly seeks to avoid the prefiling requirement imposed by the vexatious litigant order. Framing the claim as a preemptive challenge to the application of the prefiling requirement does not alter the fact that he seeks to challenge the state court's vexatious litigant order. His "right of

access to the courts and due process" claim does not constitute a parallel federal suit, but rather an attempt at a de facto appeal. That he filed the Complaint hours before the ruling on the prefiling application does not "open the door for a federal district court to review the state court decisions." Marciano v. White, 431 F. App'x 611, 613 (9th Cir. 2011) (rejecting argument that the Rooker-Feldman doctrine did not apply because the plaintiff filed his federal action before his state court appeals had concluded); see also Earls v. Cantil-Sakauye, 745 F. App'x 696, 697 (9th Cir. 2018) (affirming dismissal of plaintiff's claims regarding past or future enforcement of prefiling vexatious litigant order as such claims constitute a forbidden "de facto appeal" of prior state court judgments or are "inextricably intertwined" with those judgments); Rhodes v. Gordon, 2013 WL 3780378, at *12 (C.D. Cal. July 16, 2013) (rejecting contention that the Rooker-Feldman doctrine was inapplicable because the original complaint was filed before the complained-of state court ruling), accepted by 2013 WL 12072123 (C.D. Cal. Sept. 26, 2013), affirmed by 616 F. App'x 358, 359 (9th Cir. 2015) (explaining the case falls "squarely within" the Rooker-Feldman doctrine). This Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine.

       2.    Article III Standing

Furthermore, even if the Court were to conclude the Rooker-Feldman doctrine is inapplicable to Plaintiff's preemptive challenge to the denial of his prefiling application, Plaintiff's claim fails for lack of Article III standing.

Like the Rooker-Feldman doctrine, Plaintiff has been repeatedly advised of the Article III standing requirement. See First Action, Dkt. 28 at 17-18; Second Action, Dkt. 23 at 11-14; Third Action, Dkt. 39 at 8-9; Fourth Action, Dkt. 21 at 9-12. Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies. "[T]he core component of standing is an essential and unchanging part of the case-or-

1  controversy requirement of Article III" and contains three elements: (1) the
2  plaintiff must have suffered an injury in fact that is concrete and particularized
3  and actual or imminent, not conjectural or hypothetical; (2) there must be a
4  causal connection between the injury and the challenged conduct; and (3) it is
5  likely, as opposed to merely speculative, that the injury will be redressed by a
6  favorable decision. <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 560-61 (1992); <u>see
7  also</u> <u>DaimlerChrysler Corp. v. Cuno</u>, 547 U.S. 332, 342 (2006).

8       In the context of injunctive and declaratory relief, a plaintiff must show
9  he suffered or is threatened with a "'concrete and particularized' legal harm, . .
10 . coupled with 'a sufficient likelihood that he will again be wronged in a similar
11 way.'" <u>Canatella v. California</u>, 304 F.3d 843, 852 (9th Cir. 2002) (as amended)
12 (citations omitted). To satisfy the plaintiff's burden, the "threatened injury
13 must be <u>certainly</u> <u>impending</u> to constitute injury in fact, and . . . [a]llegations of
14 <u>possible</u> future injury are not sufficient." <u>Clapper v. Amnesty Int'l USA</u>, 568
15 U.S. 398, 409 (2013) (citation and internal quotation marks omitted).

16      Courts assess standing at the time of filing, and the plaintiff bears the
17 burden of establishing standing. See <u>Friends of the Earth, Inc. v. Laidlaw Env't
18 Servs. (TOC), Inc.</u>, 528 U.S. 167, 180 (2000); <u>Chapman v. Pier 1 Imports
19 (U.S.) Inc.</u>, 631 F.3d 939, 946 (9th Cir. 2011) (en banc); <u>Skaff v. Meridien N.
20 Am. Beverly Hills, LLC</u>, 506 F.3d 832, 838 (9th Cir. 2007) (per curiam). Thus,
21 under Plaintiff's theory, he lacked standing at the time of the filing of his
22 Complaint to seek prospective relief against Justice Lui as he had not shown
23 an injury in fact. Despite framing the claim as "imminent," Plaintiff failed to
24 show he was threatened with "concrete and particularized" legal harm.
25 Allegations of possible future injury, all that is alleged here, are insufficient.
26 See <u>Clapper</u>, 568 U.S. at 409.

27      Thus, the Court lacks jurisdiction over Plaintiff's first claim for relief.
28 / / /

/ / /

## B. The Court Lacks Jurisdiction over Plaintiff's General Constitutional Challenges (Claims 2 and 3)

Plaintiff also challenges California's vexatious litigant statute generally, arguing it violates his due process and equal protection rights. Complaint ¶¶17-28. Again, as Plaintiff has been previously advised, he lacks Article III standing to raise general constitutional challenges to the vexatious litigant statute. Plaintiff previously challenged the vexatious litigant statute in the Third Action, and the district court found he lacked standing to raise general constitutional challenges. The district court's prior analysis of this issue equally applies to the current challenges. As the district court previously explained:

> The Ninth Circuit has held that, under the doctrines of standing and Rooker-Feldman, "a constitutional challenge is 'inextricably intertwined' with a request to set aside a state court judgment if the plaintiff would lack standing to bring the constitutional challenge on its own." See Bianchi, 334 F.3d at 900 n.3 (citing Facio v. Jones, 929 F.2d 541, 543 (10th Cir. 1991)). In both Bianchi and the Tenth Circuit's decision in Facio—just as here—the plaintiffs asserted general constitutional challenges to state rules underlying the state court judgment they sought to overturn. The Ninth and Tenth Circuits rejected those arguments, noting that if the plaintiff cannot "set aside the state court judgment against him [pursuant to Rooker-Feldman], he would lack standing to assert his constitutional claim. This is so, because unless the state court judgment is overturned, [plaintiff's] only interest in the state's procedures is prospective and hypothetical in nature." Id. (quoting Facio, 929 F.2d at 543 (internal quotation marks and brackets omitted)).

. . . .

Here, too, because Rooker-Feldman precludes Plaintiff from seeking a declaratory judgment invalidating the Vexatious Litigant Order, Plaintiff may not "seek a declaratory judgment invalidating the state court rule on which the state court decision relied, for [P]laintiff's 'request for declaratory relief [is] inextricably intertwined with his request to vacate and to set aside the state court judgment." See Noel, 341 F.3d at 1158 (quoting Facio, 929 F.2d at 543 (internal alterations omitted)). Without being able to reverse the Vexatious Litigant Order, Plaintiff's situation is just like anyone else who may seek to challenge the Vexatious Litigant Statute. Plaintiff thus has failed to allege an imminent threat of future harm to satisfy the injury-in-fact requirement for standing under Article III. Accordingly, Plaintiff lacks Article III standing to seek a declaratory judgment declaring the Vexatious Litigant Statute unconstitutional.[FN6]

[FN6] The Court notes that even if Plaintiff had standing to bring his constitutional challenge to the Vexatious Litigant Statute, the Ninth Circuit's decision in Wolfe v. George, 486 F.3d 1120 (9th Cir. 2007) likely forecloses Plaintiff's argument. In Wolfe, the Ninth Circuit noted that "[a] long line of California decisions upholds [the vexatious litigant procedure] against constitutional challenges." Id. at 1125. The Ninth Circuit held, inter alia, that the Vexatious Litigant Statute "is not unconstitutionally vague, because it gives fair notice to those who might violate the statute." Id. (internal citations and alterations omitted). Under Wolfe, the Vexatious Litigant Statute does not violate the Due Process Clause or the Equal Protection Clause. Id. at 1126.

/ / /

Third Action, Dkt. 39 at 9-11. As in the Third Action, Plaintiff lacks standing to pursue his general constitutional challenges to California's vexatious litigant statute.

### C. Leave to Amend Is Not Warranted

Plaintiff have been repeatedly apprised of the foregoing jurisdictional defects. Despite Plaintiff's notice of these defects, including in cases raising virtually identical claims, his Complaint suffers from the same defects previously identified. Although Plaintiff has attempted to plead around these defects, it is apparent he cannot establish subject matter jurisdiction to raise these types of claims. Thus, further leave to amend is not warranted. See, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment).

### IV.
### ORDER

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's Complaint is DISMISSED without prejudice and Judgment shall be entered accordingly.

Dated: April 14, 2025

PERCY ANDERSON
United States District Judge